HOWARD, Circuit Judge,
concurring in part and concurring in the judgment.
I concur with the bulk of this excellent opinion and join in the judgment of the majority without hesitation. I write separately, however, because I am uncertain about the majority’s analysis of the issue of Rhode Island law discussed in Part B.2.
The Rhode Island Supreme Court unquestionably used broad language in interpreting the ethical conduct provision of the state’s constitution. See A.F. Lusi Constr., Inc. v. R.I. Convention Ctr. Auth., 934 A.2d 791, 798 (R.I.2007) (announcing that “article 3, section 7 ... is not a self-executing constitutional provision”). As the majority implicitly acknowledges, however, A.F. Lusi concerned only an alleged violation of the first clause of the ethical conduct provision, which provides, inter alia, that “public officials and employees must ... avoid the appearance of impropriety.” R.I. Const. art. III, § 7, cl. 1. See A.F. Lusi Constr., Inc., 934 A.2d at 794. A.F. Lusi did not involve the second clause of the ethical conduct provision— the clause at issue here, which provides that “[s]uch persons [i.e., public officials and employees] shall hold their positions during good behavior.” R.I. Const. art. III, § 7, cl. 2. Accordingly, whether the Rhode Island Supreme Court intended its pronouncement to extend to the independent “good behavior” clause is at best unclear. In any event, even if that court did so intend, its treatment of the clause is dicta.
Regardless of whether the “good behavior” clause is self-executing, however, Sen-ra failed to satisfy the requirements of his job by not obtaining a mandatory building official certification, as the majority explains. Even when the town accommodated him and extended the deadline by which he was to obtain the certification, he failed to take the necessary examinations at the agreed-upon times; indeed, he registered for the first examination late and failed to register for the second examination entirely. Senra has presented no substantive argument as to how he remained of good behavior despite these repeated failings; he simply asserts, without support, that “[f]ailure to take a private exam ... was not evidence of ‘bad behavior.’ ” Accordingly, even if the “good behavior” clause is self-executing, Senra has not shown that the Town violated article III, section 7, clause 2.